# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- x

MICHAEL LANNING,
on behalf of himself and
similarly situated employees,

    *Plaintiff*,

     v.

WELLS FARGO BANK, N.A.,

    *Defendant.*

-------------------------------------------------------- X

No. 20 Civ. 2055

**CLASS ACTION COMPLAINT**

Michael Lanning ("Lanning" or "Plaintiff"), as class representative, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover minimum and overtime wages, agreed upon wages, commissions, unlawful deductions, spread-of-hours-pay, and other damages for Plaintiff and his similarly situated co-workers – mortgage consultants who work or have worked for Wells Fargo Bank, N.A. ("Defendant") nationwide, including but not limited to the following titles: Home Mortgage Consultant, Home Mortgage Consultant, Jr., Private Mortgage Banker or Private Mortgage Banker, Jr. ("Mortgage Consultants").

2. Plaintiff brings this action on behalf of himself and all other similarly situated Mortgage Consultants in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23"), to remedy violations of the NYLL, and the supporting New York State Department of Labor Regulations.

3.      Plaintiff also brings this action on behalf of himself and all other similarly situated Mortgage Consultants nationwide pursuant to the Rule 23, to redress Defendant's breach of contract or unjust enrichment.

## JURISDICTION AND VENUE

4.      This Court has original jurisdiction over the state law claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1) there are 100 or more members in Plaintiff's proposed classes; (2) at least some members of the proposed classes have different citizenship from Defendant; and (3) the claims of the proposed class members, upon information and belief, exceed $5,000,000 in the aggregate.

5.      The actions and policies alleged to be unlawful were committed in whole or in part around New York, New York, and elsewhere across the United States where Defendant does business, and where Plaintiff and the class members worked for Defendant.  This action is within the jurisdiction of, and venue is proper in, the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (b)(2) and (d) because a substantial part of the events forming the basis of this action occurred in this District and Defendant conducts business in this District.

## PARTIES

**Plaintiff**

6.      Plaintiff worked for Defendant Wells Fargo Bank, N.A., as a Private Mortgage Banker (Mortgage Consultant) from in or about 2016 until in or about 2018, reporting to an office in New York, New York.   Plaintiff regularly performed work within New York. Plaintiff resides in New Jersey.

7.     Plaintiff and those similarly situated were "employees" of Defendant as defined by the NYLL.

**Defendant**

8.     Defendant Wells Fargo Bank, N.A., is a national bank providing online and mobile banking, home mortgage, loans and credit, investment, retirement, wealth management, and insurance services throughout the United States. Defendant serves commercial, retail and institutional customers throughout the United States.

9.     Defendant maintains its headquarters at 101 North Phillips Avenue, Sioux Falls, SD 57104.

10.     At all relevant times, Wells Fargo Bank, N.A. maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

11.     Wells Fargo Bank, N.A. applied the same employment policies, practices, and procedures to all Mortgage Consultants nationwide, including policies, practices, and procedures with respect to payment of wages and commissions.

12.     Defendant was, at all times relevant, an "employer" as defined by the NYLL. Defendant regularly employs individuals in New York and other states, including Plaintiff, in the performance of work on behalf of Defendant and is subject to the provisions of the NYLL.

## CLASS ACTION ALLEGATIONS

13.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated

persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

14.    Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation, and have previously represented many plaintiffs and classes in wage and hour cases.

### The New York Class

15.    Plaintiff brings the First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Counts, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All persons who work or have worked as Mortgage Consultants for Wells Fargo Bank in New York between March 6, 2014 and the date of final judgment in this matter (the "New York Class").

16.    The New York Class members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

17.    There are more than 40 New York Class members.

18.    Plaintiff's claims are typical of the claims of the putative class members, because Plaintiff, like all putative class members, was denied minimum and overtime wages, agreed upon wages, commissions, spread-of-hours pay, and, were subject to unlawful deductions, among other claims, under the NYLL. Plaintiff's claims are typical of those claims that could be alleged by any of the New York Class members, and the relief sought is typical of the relief which would be sought by each member of the New York Class in separate actions.

19.    Plaintiff and the New York Class have all been injured in that they have been uncompensated or under-compensated due to Defendant's common policies, practices, and

patterns of conduct. Defendant's corporate-wide policies and practices affected all the New York Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each of the New York Class members.

20.    Plaintiff is able to fairly and adequately protect the interests of the New York Class and have no interests antagonistic to the New York Class.

21.    Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting Plaintiff and the New York Class Members individually.

***The Nationwide Class***

22.    Plaintiff brings the Ninth and Tenth and Counts, common law claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All persons who work or have worked as Mortgage Consultants for Wells Fargo Bank between March 6, 2014 – or within the applicable statute of limitations period for the respective state in which they worked preceding the date the instant action was initiated – and the date of final judgment in this matter ("the Nationwide Class").

23.    The Nationwide Class members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

24.    There are more than 40 Nationwide Class members in each state that Wells Fargo does business in the United States.

25.    Plaintiff's claims are typical of the claims of the Nationwide Class, because Plaintiff, like the Nationwide Class, have compensation owed to them under the offer letter(s) and compensation plan(s), or similar agreements, detailed herein, provided by Wells Fargo. Plaintiff's claims are typical of those claims that could be alleged by any of the Nationwide Class members,

and the relief sought is typical of the relief which would be sought by each member of the Nationwide Class in separate actions.

26.    Plaintiff and the Nationwide Class have all been injured in that they have been uncompensated or under-compensated due to Defendant's common policies, practices, and patterns of conduct.  Defendant's corporate-wide policies and practices affected all the Nationwide Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each of the Nationwide Class members.

27.    Plaintiff is able to fairly and adequately protect the interests of the Nationwide Class and have no interests antagonistic to the Nationwide Class.

28.    Common questions of law and fact exist as to the Nationwide Class that predominate over any questions only affecting Plaintiff and the Nationwide Class Members individually.

## FACTUAL ALLEGATIONS

29.    The primary duty of Plaintiff and Mortgage Consultants is sales and sales support, including assisting Defendant's customers with their mortgage applications, advising customers about available loan products, programs, rates, policies, underwriting requirements and loan procedures, and selling Defendant's various mortgage-related products to Defendant's customers.

30.    Plaintiff and Mortgage Consultants were paid according to the same pay policy – what the Defendant described as an hourly wage, with a premium rate for overtime hours recorded.

31.    Defendant entered into employment agreements with Plaintiff and Mortgage Consultants by providing them with similar offer letters ("the Offer Letter").

32.    The Offer Letter included Plaintiff and Mortgage Consultants' guaranteed hourly rate of pay for a certain number of pay periods, and their hourly rate of pay thereafter.

33.    Plaintiff and Mortgage Consultants understood that if they did not accept the Offer Letter, they would not be permitted to work.

34.    The Offer Letter provides, in relevant part that: "During the time you are receiving guaranteed advances, if your gross commission credits are less than your advances, the difference is **not** carried forward to the next month when calculating the amount of your earned net commissions" (emphasis added).

35.    The Offer Letter stated that Mortgage Consultants' pay would be governed by Defendant's compensation plan ("the Compensation Plan").

36.    Wells Fargo issues a new Compensation Plan annually, and each Compensation Plan applies to all Mortgage Consultants employed nationwide.

37.    The Compensation Plan provided that Plaintiff and Mortgage Consultants are to receive (1) hourly pay; and (2) incentive pay (including commissions); and, (3) premiums for overtime hours worked.

38.    Defendant's Compensation Plans were ambiguous in regards to numerous key terms, including, but not limited to:

     a.    "Between 2013 and 2016, although the compensation plans discussed the generation of "commission credit" for loan funding, there was **not** a specific definition of "commission credit" provided in the Comp Plans."

     b.    "Before 2016, there was **not** a specific definition in the comp plan specifying when HMCs earned the "net commission" that was ultimately reflected on their paychecks."

     c.    "Wells Fargo makes various changes to the Comp Plans approximately annually, and sometimes mid-year. In the change for January 1, 2016, Wells Fargo added a 'Defined Terms' section to the Comp Plan. Two definitions that were added that are relevant to this action are for 'Earn, Earned or Earning' and 'Incentive Pay.'"

d. "In [] January 1, 2017, Wells Fargo made some further significant changes. The changes were made after Wells Fargo received [a ruling] in the action *Nguyen v. Wells Fargo Bank, N.A.* in which the court suggested that certain concepts in the Comp Plans were ambiguous . . . Wells Fargo also added additional provisions to clarify that hourly pay was, in fact, an hourly wage and not some sort of loan to be earned at a later date. A definition was added for "Hourly Pay" that clarified that the term "refers to payments received by Participant that arise from the hours Participant actually worked" which "includes Participant's hourly wage . . . Section 5(B) clarifies that Hourly Pay is "**fully earned when worked**" and "**fully vested when received** . . ."

e. "After Wells Fargo obtained an adverse ruling in the *Ibarra* class action in early 2018 . . . Wells Fargo made further changes effective April 1, 2018. The primary changes were as follows: (a) Because the *Ibarra* summary judgment order appeared to equate the hourly wage with a 'draw' merely because it was labeled an advance, all references to hourly wage as an 'advance' were removed from the Comp Plan. (b) All references to the Hourly Pay clarified that **it was a wage and 'not a draw**.'"

*See* Declaration of Mark Faktor, *Kang v. Wells Fargo Bank, N.A.*, No. 17 Civ. 6220 (BLF), ECF No. 42-2 (N.D.Cal., Nov. 7, 2018) (emphasis added).

39.     Per Defendant, commissions and bonuses (monthly incentive pay) "is designed to reward [Mortgage Consultants] based on factors over and above the hourly wages [he or she] **earn** just for working." *Id*. at ¶ 9(d) (emphasis added).

40.     At all times relevant, Defendant's Compensation Plan included some form of the following:

The fact that hourly pay is taken into account in calculating net commissions/incentives under this Plan shall **not** give Employer the right to recover any hourly pay back from any [employee]. Hourly pay is **fully vested** when received and is **not subject to recapture by Employer under any circumstances**.

(emphasis added).

41.    Although there are some variations in the Compensation Plans from year to year, the manner in which Defendant calculated Plaintiff's and Mortgage Consultants' wages remained the same.

42.    Defendant carried over guaranteed hourly pay to the next month and recaptured guaranteed hourly pay from commissions of Plaintiff and Mortgage Consultants (in contraction of the Offer Letter).

43.    Defendant regularly recaptured hourly pay paid to Plaintiff and Mortgage Consultants (in contraction of the Compensation Plan).

44.    Defendant required Plaintiff and New York Mortgage Consultants to perform significant off-the-clock work.

45.    Defendant has been aware that Plaintiff and New York Mortgage Consultants regularly worked hours greater than the number of hours recorded.

46.    Plaintiff and New York Mortgage Consultants have regularly worked more than forty hours per week.

47.    Plaintiff and New York Mortgage Consultants were required to log into Defendant's computer system and engage in the origination and production of loans using Defendant's system.

48.    In this regard, Defendant has access to Plaintiff and New York Mortgage Consultants' email timestamps and usage of Defendant's Core and/or Intranet systems.

49.    Plaintiff and New York Mortgage Consultants were instructed by Defendant's management to only record a certain amount of hours, instead of the hours actually worked for Defendant. As a result, Plaintiff and New York Mortgage Consultants regularly did not record all

hours worked. New York Mortgage Consultants spent considerable time working outside of the confines of regular business hours, including taking and receiving phone calls and e-mails, processing loan applications, as well as other paperwork. Additionally, Plaintiff and New York Mortgage Consultants were required to attend training, compliance, and sales meetings, for which they were not compensated.

50.    Defendant continued to suffer and permit Plaintiff and New York Mortgage Consultants to work this unrecorded time.

51.    Additionally, regarding recorded hours, Defendant deducted (recaptured) hourly pay previously paid to and earned by Plaintiff and New York Mortgage Consultants in subsequent weeks, thereby evading the requirements of the NYLL.

52.    Furthermore, Defendant has also failed, as a matter of policy, to take into account all compensation (before recapture of wages earned and unlawful deductions described herein) in calculating the proper rate to be paid to Plaintiff and Mortgage Consultants in overtime weeks.

53.    Defendant failed to pay Plaintiff and New York Mortgage Consultants their agreed upon wages, pursuant to the aforementioned Offer Letter and/or Compensation Plan, as required by the NYLL.

54.    Defendant instituted a policy and practice whereby they failed to properly pay Plaintiff and New York Mortgage Consultants commissions.

55.    Additionally, Defendant instituted a policy and practice of applying unlawful deductions to Plaintiff and other Mortgage Consultants' earned commissions, including but not limited to deductions for mailings, website placement, advertising leads, and uncollected fees, among other things, in violation of the NYLL.

56.     Defendant has withheld these overhead expenses from Plaintiff and Mortgage Consultants' pay, regardless of whether the Mortgage Consultants actually incurred any of these expenses or derived any benefit from them.

57.     In this regard, Defendant improperly recaptured Plaintiff and New York Mortgage Consultants' guaranteed pay and hourly pay against commissions earned; made the aforementioned deductions from their commissions earned; paid them late commissions; and claw backed commissions under certain circumstances, such as early loan payoffs, in violation of the NYLL.

58.     The Compensation Plans were Defendant's Commission Agreement with Plaintiff and New York Mortgage Consultants.

59.     Defendant also arbitrarily reduced Plaintiff and New York Mortgage Consultants' commission percentage (basis points) due to circumstances such as, "initial file quality," customer surveys, and "bank leads."

60.     In regard to "bank leads," Defendant offered a program under which potential customers would receive a reduced mortgage rate if the customer opened a new account with Defendant, and set up an automatic deduction mortgage payment from that account. New York Mortgage Consultants informed their potential customers of this program. Thereafter, once that potential customer opened the account, Defendant would improperly reclassify the lead as a "bank lead," and pay New York Mortgage Consultants the reduced commission rate. Loans for which a Mortgage Consultant created loan origination documents first, and then a bank account was subsequently created for automatic mortgage payments, are Mortgage Consultant leads. These New York Mortgage Consultant leads should have been credited and paid as such, instead of the reduced rate paid by Defendant.

61.     Defendant has also failed to pay Plaintiff and New York Mortgage Consultants one extra hour of minimum wage if the interval between the beginning and end of the workday was 10 hours or longer, for both reported hours, and for hours worked but not reported.

## COUNT I
### New York Labor Law – Minimum Wages
### (Brought on behalf of Plaintiff and the New York Class)

62.     Plaintiff realleges and incorporates by reference the preceding paragraphs of this complaint.

63.     Pursuant to the NYLL, Defendant has been required to pay Plaintiff and the New York Class minimum wages for all hours worked.

64.     Defendant has failed to pay Plaintiff and the New York Class the minimum hourly wages to which they are entitled for all hours worked, in violation of the NYLL.

65.     As a result of the common policies described above Defendant has violated the minimum wage provisions of the NYLL with respect to Plaintiff and the New York Class by: suffering and permitting Plaintiff and the New York Class to work off-the-clock without compensation and deducting (recapturing) wages previously paid to in subsequent weeks.

66.     Due to Defendant's violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendant their unpaid and/or recaptured minimum wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

## COUNT II
### New York Labor Law – Overtime Wages
### (Brought on behalf of Plaintiff and the New York Class)

67.     Plaintiff realleges and incorporates by reference the preceding paragraphs of this complaint.

68.     Plaintiff and the New York Class have regularly worked more than forty hours per week.

69.     Defendant failed to pay Plaintiff and the New York Class the premium overtime wages to which they were entitled under the NYLL for all hours worked over 40 hours per week.

70.     As a result of the common policies described above Defendant has violated the overtime provisions of the NYLL with respect to Plaintiff and the New York Class by: (1) suffering and permitting Plaintiff and the New York Class to work off-the-clock without compensation; (2) deducting (recapturing) wages previously paid to in subsequent weeks; and (3) improperly calculating the proper overtime rate.

71.     Due to Defendant's violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendant their unpaid and/or recaptured overtime wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

**COUNT III**
**New York Labor Law – Agreed Upon Wages**
**(Brought on behalf of Plaintiff and the New York Class)**

72.     Plaintiff realleges and incorporates by reference the preceding paragraphs of this complaint.

73.     Pursuant to NYLL, Article 6 § 191(1)(d), Defendant has been required to pay Plaintiff and the New York Class the wages they have earned in accordance with the agreed terms of their employment.

74.     Defendant has failed to pay Plaintiff and the New York Class the earned wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations, pursuant to the agreed-upon terms of Plaintiff's employment.

75.     As a result of the common policies described above Defendant has violated the agreed upon wage provisions of the NYLL with respect to Plaintiff and the New York Class by: suffering and permitting Plaintiff and the New York Class to work off-the-clock without compensation; and deducting (recapturing) wages previously paid to in subsequent weeks.

76.     Due to Defendant's violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendant their unpaid and/or recaptured agreed-upon wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

## COUNT IV
### New York Labor Law – Unpaid Commissions
### (Brought on behalf of Plaintiff and the New York Class)

77.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

78.     Defendant failed to pay Plaintiff and the New York Class commissions earned in accordance with the agreed upon terms of their employment.

79.     By Defendant's failure to pay earned commissions to Plaintiff and the New York Class, Defendant has violated NYLL Article 6, § 191(1)(c).

80.     In this regard, Defendant improperly recaptured Plaintiff and New York Mortgage Consultants' guaranteed pay and hourly pay against commissions earned; made the aforementioned deductions from their commissions earned; paid them late commissions; and claw backed commissions under certain circumstances, such as early loan payoffs, in violation of the NYLL.

81.     Defendant also arbitrarily reduced Plaintiff and New York Mortgage Consultants' commission percentage (basis points) due to circumstances such as, "initial file quality," customer surveys, and "bank leads."

82.     Additionally, as described herein, Defendant clawed back (recaptured) earned hourly pay from Plaintiff and the New York Class.

83.    Due to Defendant's violations of the NYLL, Plaintiff and the New York Class are entitled to recover the unpaid commissions taken by Defendant, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT V
### New York Labor Law – Unlawful Deductions
### (Brought on behalf of Plaintiff and the New York Class)

84.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

85.    Defendant made unlawful deductions from the wages of Plaintiff and the New York Class.

86.    The deductions Defendant made from the wages of Plaintiff and the New York Class were not expressly authorized in writing by Plaintiff and the New York Class, and were not for the benefit of Plaintiff and the New York Class.

87.    Defendant unlawfully deducted from Plaintiff and the New York Class's earned commissions certain overhead expenses, including but not limited to expenses for mailings, website placement, advertising, leads, and uncollected fees; as well as deductions for uncollected fees, among other things, in violation of NYLL § 193.

88.    Defendant also at times "clawed back" Plaintiff and the New York Class's commissions earned due to events including, but not limited to, early loan payoffs.

89.    Due to Defendant's violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendant their unlawful deductions, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

<u>**COUNT VI**</u>
**New York Labor Law – Spread of Hours Pay**
<u>**(Brought on behalf of Plaintiff and the New York Class)**</u>

90.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

91.     Defendant has failed to pay Plaintiff and the New York Class compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty – was greater than 10 hours, as required by 12 NYCRR § 142-2.4.

92.     Defendant failed to compensate Plaintiff and the New York Class with spread-of-hours pay for both reported hours, and for hours worked but not reported.

93.     Due to Defendant's violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendant their unpaid spread of hours wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

<u>**COUNT VII**</u>
**New York Labor Law – Failure to Provide Proper Annual Wage Notices**
<u>**(Brought on behalf of Plaintiff and the New York Class)**</u>

94.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

95.     Defendant have failed to supply Plaintiff and the New York Class with proper annual wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified as their primary language, at the time of hiring, containing, among other items: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article;

overtime rate; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

96.     Due to Defendant's violations of NYLL, Article 6, § 195(1), Plaintiff and the New York Class are entitled to statutory penalties of fifty dollars for each workday that Defendant failed to provide them with wage notices, or a total of five thousand dollars, and reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198(1-b).

<u>COUNT VIII</u>
**New York Labor Law – Failure to Provide Accurate Wage Statements**
<u>(Brought on behalf of Plaintiff and the New York Class)</u>

97.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

98.     Defendant failed to supply Plaintiff and the New York Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

99.     Due to Defendant's violations of NYLL, Article 6, § 195(3), Plaintiff and the New York Class are entitled to statutory penalties of two hundred fifty dollars for each workday that

Defendant failed to provide them with accurate wage statements, or a total of five thousand dollars, and reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198(1-d).

### COUNT IX
### Common Law – Breach of Contract
### (Brought on behalf of Plaintiff and the Nationwide Class)

100.    Plaintiff realleges and incorporates by reference the preceding paragraphs of this complaint.

101.    When Defendant hired Plaintiff and the Nationwide Class, they made clear promises to pay a certain amount in wages per hour and in commissions.

102.    In this regard, Defendant made promises to Plaintiff and the Nationwide Class via the Offer Letter and the Compensation Plan.

103.    Those promises created enforceable contractual obligations.

104.    Plaintiff and the Nationwide Class provided consideration for those promises by promising to deliver and actually delivering valuable services to Defendant.

105.    Despite their contractual obligation to compensate Plaintiff and the Nationwide Class for work performed, Defendant breached those contractual obligations when they did not pay the Nationwide Class the promised wages per hour or the promised commissions.

106.    The amounts owed to Plaintiff and the Nationwide Class represent wages.

107.    Defendant did not have any good-faith basis on which to not pay the promised wages.

108.    At all times relevant, Defendant devised and implemented a plan to increase its earning and profits by fostering a scheme of securing work from Plaintiff and the Nationwide Class; specifically Defendant has violated the common law of all states in which any member of the Nationwide Class was employed during the applicable statute of limitations period, by failing

to pay Plaintiff and the Nationwide Class their wages by subsequently deducting such wages from Plaintiff and the Nationwide Class's commissions.

109.    As a result of Defendant's breaches, Plaintiff and the Nationwide Class have been denied the benefit of the bargain, and have suffered substantial damages in the form of unpaid wages.

110.    As a result of Defendant's unlawful conduct, Plaintiff and the Nationwide Class are entitled to damages from the Defendant commensurate with the unpaid and/or recaptured wages resulting from the breach.

## COUNT X
### Common Law – Unjust Enrichment
### (Brought on behalf of Plaintiff and the Nationwide Class)

111.    Plaintiff realleges and incorporates by reference the preceding paragraphs of this complaint.

112.    As an alternative to Plaintiff's breach of contract claim, Plaintiff, for themselves and the Nationwide Class, assert the following unjust enrichment claim.

113.    At all times relevant, Defendant devised and implemented a plan to increase its earning and profits by fostering a scheme of securing work from Plaintiff and the Nationwide Class; specifically Defendant has violated the common law of all states in which any member of the Nationwide Class was employed during the applicable statute of limitations period, by failing to pay Plaintiff and the Nationwide Class their wages by subsequently deducting such wages from Plaintiff and the Nationwide Class's commissions.

114.    By not paying Plaintiff and the Nationwide Class the proper amount owed to them, Defendant was unjustly enriched.

115.    Plaintiff and the Nationwide Class performed worked at the request of and without objection by Defendant.

116.    Defendant received and accepted the above-reference work from Plaintiff and the Nationwide Class and enjoyed the benefits derived therefrom.

117.    Defendant has been unjustly enriched by the retention of monies received pursuant to services Plaintiff and the Nationwide Class performed for Defendant's benefit, without having compensated Plaintiff and the Nationwide Class the full amount of wages owed to them.

118.    Plaintiff and the Nationwide Class suffered detriment due to Defendant's failure to properly compensate them for work performed described herein, in that Plaintiff and the Nationwide Class were deprived of the ability to utilize that time, effort, and their resources in a manner that maximized their earnings.

119.    As a direct and proximate result of Defendant's actions, Plaintiff and the Nationwide Class suffered damages, including but not limited to, loss of wages.

120.    As a result of Defendant's unlawful conduct, the Plaintiff and the Nationwide Class are entitled to damages from the Defendant including, but not limited to, unpaid and/or recaptured wages.

## **PRAYER FOR RELIEF**

157.    WHEREFORE, Plaintiff and all others similarly situated respectfully request that this Court:

A.    Certification of this case as a New York class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B.    Certification of this case as a nationwide class action under common law claims for breach of contract and/or unjust enrichment pursuant to Rule 23 of the Federal rules of Civil Procedure;

C.    Designation of Plaintiff as representative of the breach of contract and/or unjust enrichment nationwide Rule 23 action, and the New York Class and

counsel of record as Class Counsel for all class claims;

D.    Unpaid minimum wages, agreed-upon wages, overtime wages, unpaid commissions, unlawful deductions, and spread of hours pay, and an equal amount in liquidated damages permitted by law, pursuant to the NYLL, and the supporting New York State Department of Labor;

E.    Wages due under common law (breach of contract and/or unjust enrichment);

F.    Statutory penalties of fifty dollars for each workday that Defendant failed to provide Plaintiff and the New York Class with proper annual wage notices, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

G.    Statutory penalties of two hundred fifty dollars for each workday that Defendant failed to provide Plaintiff and the New York Class with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

H.    Prejudgment and post-judgment interest;

I.    Reasonable attorneys' fees and costs of the action; and

J.    Other such further relief as the Court deems just and proper.

Dated: March 6, 2020                    Respectfully submitted,

                                         s/ Brian S. Schaffer

                                        **FITAPELLI & SCHAFFER LLP**
                                        Brian S. Schaffer
                                        Dana M. Cimera
                                        28 Liberty Street, 30th Floor
                                        New York, New York 10005
                                        bschaffer@fslawfirm.com
                                        Tel: (212) 300-0375
                                        Fax: (212) 481-1333

                                        **THE EMPLOYMENT RIGHTS GROUP, LLC**
                                        Joseph H. Chivers*
                                        100 First Avenue, Suite 650
                                        Pittsburgh, PA  15222
                                        jchivers@employmentrightsgroup.com
                                        Tel: (412) 227-0763

Fax: (412) 774-1994

**JOHN LINKOSKY & ASSOCIATES**
John R. Linkosky*
715 Washington Avenue
Carnegie, PA  15106
linklaw@comcast.net
Tel.: (412) 278-1280
Fax: (412) 278-1282

*Pro Hac Pending*

*Counsel for Plaintiff*
*and all others similarly situated*